E-filing

1  Clyde A. Thompson, SBN 72920
   HAAPALA, THOMPSON & ABERN, LLP
2  1939 Harrison Street, Suite 800
   Oakland, California 94612
3  Tel:   510-763-2324
   Fax:  510-273-8570

4

5  Attorneys For Defendants
   COUNTY OF ALAMEDA, DEPUTY CHRISTOPHER
6  MELENDEZ, and DEPUTY MICHAEL LADNER

*ORIGINAL FILED JUL 21 2008 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

7

8               UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| 10  JAMES R. GILLETTE, | Case No.: **C08 - 03485** |
| 11        Plaintiff, | **NOTICE OF REMOVAL OF ACTION** |
| 12     vs. | **UNDER 28 U.S.C. Section 1441(b) (Federal Question)** |
| 13  ALAMEDA COUNTY SHERRIFF'S DEPARTMENT, CALIFORNIA, | |
| 14  CHRISTOPHER MELENDEZ, MICHAEL LADNER, ALAMEDA COUNTY, | |
| 15       Defendants. | |

16

17       Please take notice that Defendants COUNTY OF ALAMEDA (which includes the

18  ALAMEDA COUNTY SHERIFF'S DEPARTMENT erroneously sued herein as a separate

19  defendant), DEPUTY CHRISTOPHER MELENDEZ, DEPUTY MICHAEL LADNER

20  (hereinafter referred to as "defendants"), pursuant to 28 U.S.C. Sections 1441 through 1451,

21  hereby remove to this Court the state court action described below.

22    **1.  Commencement of State Action**

23       On June 20, 2008, an action was commenced against Defendants in the Superior Court

24  of the State of California, County of Alameda, entitled " JAMES R. GILLETTE v. ALAMEDA

25  COUNTY SHERIFFS DEPARTMENT, CALIFORNIA, CHRISTOPHER MELENDEZ,

26  MICHAEL LADNER, ALAMEDA COUNTY, Case Number HG08385835.

27       True and correct copies of all process, pleadings and Orders served on defendants are

28  attached as Exhibit 1.

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1

### 2. Timeliness of Removal

Defendant COUNTY OF ALAMEDA was served on June 20, 2008, with plaintiffs' Complaint. Copies of the Complaint and Summons are attached in Exhibit 1. This Notice of Removal is timely under 28 U.S.C. Section 1446(b).

### 3. Jurisdiction

The above-described action is one of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and may be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(b), in that it is a civil action wherein it appears that it is founded on a claim or right arising under the Constitution, treaties, or laws of the United States, specifically 42 U.S.C. Section 1983, by plaintiff's allegation that defendants' actions violated plaintiff's civil rights as secured by the Constitution of the United States. (See Plaintiff's Complaint at ¶¶ 1, 4, 6,7, 8, and 9).

A Notice to Plaintiff, together with a copy of this Notice shall be filed with the Clerk of the Superior Court of the State of California, County of Alameda, and shall be served on plaintiff, who is proceeding in pro per.

WHEREFORE, the defendants COUNTY OF ALAMEDA, DEPUTY CHRISTOPHER MELENDEZ and DEPUTY MICHAEL LADNER hereby petition to remove this case from the Superior Court of Alameda County, pursuant to 28 U.S.C. Section 1441(b), to the United States District Court for the Northern District of California.

Dated: July 18, 2008

HAAPALA, THOMPSON & ABERN, LLP

By:_____
Clyde A. Thompson
Attorneys For Defendants
COUNTY OF ALAMEDA,
DEPUTY CHRISTOPHER MELENDEZ, and
DEPUTY MICHAEL LADNER

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

2

*Gillette v. Alameda County Sheriff's Dept., et al.*/Case #
Notice Of Removal Of Action Under 28 U.S.C. Section 1441(b) (Federal Question)

EXHIBIT 1

James R. Gillette
507 Redwood Ave.
Milpitas, CA  95035-____

---

## Superior Court of California, County of Alameda

| | |
|---|---|
| Gillette <br> **Plaintiff/Petitioner(s)** <br><br> VS. <br><br> Alameda County Sheriff's Department, California <br> **Defendant/Respondent(s)** <br> (Abbreviated Title) | No. HG08385835 <br><br> **NOTICE OF CASE MANAGEMENT** <br> **CONFERENCE AND ORDER** <br> Unlimited Jurisdiction |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 09/18/2008 <br> Time: 03:15 PM | Department: 24 <br> Location: **Administration Building** <br> **Third Floor** <br> **1221 Oak Street, Oakland  CA 94612** <br><br> Internet: **http://www.alameda.courts.ca.gov** | Judge: **Patrick J. Zika** <br> Clerk: **Benilda Nelson** <br> Clerk telephone: **(510) 267-6940** <br> E-mail: <br> **Dept.24@alameda.courts.ca.gov** <br> Fax: **(510) 267-1509** |

### ORDERS

1.  You must:
    a. **Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));**
    b. **Give notice of this conference to any party not included in this notice and file proof of service;**
    c. **Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;**
    d. **File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is** mandatory**) at least 15 days before the Case Management Conference (CRC 3.725)**

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a. Referring to ADR and setting an ADR completion date
    b. Dismissing or severing claims or parties
    c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/09/2008.

By _____
Deputy Clerk

**RECEIVED**

JUN 2 4 2008

**AIMS**

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: HG08385835
Case Title:    Gillette VS Alameda County Sheriff's Department, California
Date of Filing: 05/06/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

|   |   |
|---|---|
| Judge: | Patrick J. Zika |
| Department: | 24 |
| Address: | Administration Building |
|   | 1221 Oak Street |
|   | Oakland  CA  94612 |
| Phone Number: | (510) 267-6940 |
| Fax Number: | (510) 267-1509 |
| Email Address: | Dept.24@alameda.courts.ca.gov |

**RECEIVED**
JUN 2 4 2008
**AIMS**

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

<u>General Procedures</u>

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Patrick J. Zika
DEPARTMENT 24

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

The use of e-mail is generally preferred by the court to reduce the heavy burden on court staff in responding to telephone and fax communications, particularly for requests relating to scheduling of case management events. Use of e-mail will greatly facilitate a prompt response by the court and staff to your inquiries.

Please note that use of e-mail/fax is not a substitute for the filing of pleadings or other documents.

Counsel and self-represented parties are reminded of the obligation to provide copies of all such communications to opposing counsel and self-represented parties on a contemporaneous basis.

If the communication requests a response from the court, e-mail addresses of all opposing counsel/self represented parties shall be supplied in the original e-mail whenever available to the sender.

When sending an e-mail, the e-mail must be free of viruses and preferably in Microsoft Word format. Do not send the Court Courtesy copy of any pleading unless specifically requested.

### Schedule for Department 24

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.

- Trials generally are held: Mondays through Thursdays at 9:00 a.m.

- Case Management Conferences are held: Initial Case Management Conferences: Wednesdays and Thursdays at 3:15 p.m.

- Case Management Conference Continuances: Fridays at 9:00 a.m.

- Law and Motion matters are heard: Mondays and Tuesdays at 3:15 p.m. Contact the clerk to reserve a date before filing any law and motion matters. For Tentative rulings, please see specifically Local Rule 3.30(c). To contest a ruling, call or e-mail Dept. 24 in a timely manner.

- Settlement Conferences are heard: Fridays at 10:00 a.m.

- Ex Parte matters are heard: Mondays and Wednesdays at 3:00 p.m. Contact the clerk to reserve a date and time before noticing any party.

- Contact the clerk to reserve a date before filing any demurrers. Contact the clerk to reserve a date before filing any summary judgments.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:      Dept.24@alameda.courts.ca.gov

    Trial Management Compliance hearings and first day of trial: Fridays at 2:00 p.m.
    Compliance hearings are heard: Mondays through Thursdays at 3:15 p.m. and
    Fridays at 9:00 a.m.

- Ex Parte Matters
    Email:      Dept.24@alameda.courts.ca.gov

    Contact the clerk to reserve a date and time before noticing any party.

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 24
- Phone: 1-866-223-2244

Dated: 05/08/2008                Executive Officer / Clerk of the Superior Court

By     _Leon A. Hoyle_
                             Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**
I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/09/2008

By _____
                    Deputy Clerk

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Alameda County Sheriff's Department, California, Christopher Melendez,
Michael Ladner, Alameda County et, al.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
James R. Gillette

RECEIVED

JUN 2 0 2008

CLERK, BOARD
OF SUPERVISORS

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 0 2008

CLERK OF THE SUPERIOR COURT
By Cecilia Anchundo, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hayward Hall of Justice
24405 Amador St.
Hayward Ca. 94544

CASE NUMBER:
*(Número del Caso):* HG08385835

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JUN 2 0 2008
*(Fecha)*

PAT SWEETEN
EXECUTIVE OFFICER/CLERK

Clerk, by
*(Secretario)*

CECILIA ANCHUNDO
, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

RECEIVED

JUN 2 4 2008

AIMS

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)       [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [✓] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

JAMES R GILLETTE IN PRO PER
507 Redwood Ave.
Milpitas Ca. 95035

SUPERIOR COURT, STATE OF CALFORNIA

COUNTY OF ALAMEDA

JAMES R. GILLETTE,                    ) Case No.:
                                      )
        Plaintiff,                    ) PLAINTIFFS COMPLAINT
                                      )
    vs.                               )
                                      )
ALAMEDA COUNTY SHERRIFFS              )
                                      )
DEPARTMENT,                           )
                                      )
CALIFORNIA,CHRISTOPHER                )
                                      )
MELENDEZ, MICHAEL LADNER,             )
                                      )
ALAMEDA COUNTY ET, AL.,               )
                                      
        Defendant

**RECEIVED**
**JUN 2 4 2008**
**AIMS**

PROPOUNDING PARTY:      JAMES R. GILLETTE

RESPONDING PARTY:        CHRISTOPHER MELENDEZ, MICHAEL LADNER,

                         ALAMEDA COUNTY SHERRIFFS DEPT. et, al.

Dated this 3rd day of May, 2008

                              507 Redwood Ave.
                              Milpitas Ca. 95035
                              JAMES R GILLETTE IN
                              PRO PER

SUMMARY OF COMPLAINT – Page 1 of 8

## COMPLAINT

Come the Plaintiffs and for cause of action would state as follows: On June

### 1. INTRODUCTION

This action arises under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically 42 U.S.C. §1983 and 1988; under the California governmental tort liability statutes; under Cal. Civil Code §52(b), et seq., and under California common law for intentional and/or negligent infliction of emotional distress, negligence, negligent supervision, gross negligence, assault, battery, excessive force, false imprisonment, false arrest and civil conspiracy.

While the individual Defendants were acting in the scope of their employment and under the color of state law, they made an unlawful stop of Plaintiff that resulted in unreasonable search and the excessive use of force against the Plaintiff. The Defendants actions caused injury to the Plaintiff and emotional distress.

Action is also brought against the County of Alameda for its failure to properly train and supervise the individual Defendants in the proper use of force and techniques used to secure the search of a vehicle, Proper dispatch policy, and its establishment of policies, procedures, practices, and customs regarding arrests that result in the use of excessive force.

Plaintiff, James R Gillette

Defendants, ASCO Deputy Michael Ladner badge #1498, ACSO Deputy Christopher Melendez badge #1860, Alameda County, et al.

1   **2. Jurisdiction**

2   This court has jurisdiction by virtue of defendants are domiciled in Alameda County within the

3   scope of their employment being Alameda County Sheriff officers.  And provide all activities

4   and services of employment within Alameda County.

5

6   3. Venue is proper in this Court because the cause arises in Alameda County in that defendants

7   are officers of Alameda County.

8

9

10                              Civil Rights Claims

11

12  **4. Table of Contents**

13  This table of contents is not part of the claim as filed.

14  **Claims for Relief**

15  ONE: VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED

16  STATES CONSTITUTION 42 U.S.C. §1983 (freedom of speech, assembly, and association)

17

18  TWO: VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO THE

19  UNITED STATES CONSTITUTION 42 U.S.C. §1983 (unreasonable searches and seizures)

20

21  THREE: VIOLATION OF FOURTEENTH AMENDMENT TO THE UNITED STATES

22  CONSTITUTION 42 U.S.C. §1983 (equal protection and due process)

23

24  FOUR: DENIAL OF CALIFORNIA CONSTITUTIONAL RIGHTS (including speech, equal

25  protection and due process)

1

2  FIVE: ASSAULT AND BATTERY

3

4  SIX: FALSE ARREST AND FALSE IMPRISONMENT

5

6  SEVEN: CAL. CIVIL CODE SECTION 51.7

7

8  EIGHT: CAL. CIVIL CODE SECTION 52.1

9

10  NINE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11

12  TEN: NEGLIGENCE (allowing such conduct by police officers)

13

14  5. PRAYER FOR RELIEF

15  ─────────────────────────────────────────────

16

17  **CLAIMS FOR RELIEF**

18

19  6. ONE: VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED

20  STATES CONSTITUTION 42 U.S.C. §1983

21

22  7. Defendants' above-described conduct, and particularly the acts and omissions of the

23  conspirators, and of the command, supervisory and rank-and-file defendants in ordaining,

24  directing and carrying out the arrests and custodial maltreatment of the plaintiffs, violated

25

SUMMARY OF COMPLAINT – Page 4 of 8

1   plaintiffs' rights to freedom of speech, assembly and association under the First and Fourteenth

2   Amendments to the United States Constitution.

3

4   TWO: VIOLATION OF FIRST, FOURTH, FIFTH, EIGHTH AND FOURTEENTH

5   AMENDMENTS TO THE

6   UNITED STATES CONSTITUTION 42 U.S.C. §1983

7

8   8. Defendants' above-described conduct, and particularly the acts and omissions of those

9   defendants involved in the groundless arrests and custodial maltreatment of the plaintiff class,

10   and those involved in individual acts of brutality against members of the sub-class, violated

11   plaintiffs' rights to be free from unreasonable searches and seizures under the Fourth and

12   Fourteenth Amendments to the United States Constitution.

13

14   THREE: VIOLATION OF FOURTEENTH AMENDMENT TO THE UNITED STATES

15   CONSTITUTION 42 U.S.C. §1983

16

17   9. Defendants' above-described conduct, and particularly the custodial maltreatment of plaintiffs,

18   including but not limited to the conduct described, violated plaintiffs' rights to equal protection

19   of the laws and to due process of law under the Fifth and Fourteenth Amendment to the United

20   States Constitution.

21

22   FOUR: DENIAL OF CALIFORNIA CONSTITUTIONAL RIGHTS

23

24   10. The afore described actions of defendants denied plaintiffs their rights of privacy and to

25   freely speak, write and publish their sentiments, to instruct their representatives, petition

SUMMARY OF COMPLAINT – Page 5 of 8

1   government for redress of grievances, to assemble freely, to due process of law and equal

2   protection of the laws, and to be free from unreasonable searches and seizures as provided by the

3   California Constitution, article I sections 1, 2, 3, 7 and 13. As a direct and proximate result of

4   said denials of plaintiff's state constitutional rights, plaintiffs suffered general and special

5   damages in an amount to be proven at trial.

6

7   FIVE: ASSAULT AND BATTERY

8

9   11. The above described conduct of defendants, and particular those named herein as Does. (See

10  par. 17), constituted assault and battery on plaintiffs. Defendants caused physical contact to be

11  inflicted on plaintiffs without plaintiffs' consent. As a direct and proximate result of said assault

12  and battery, plaintiffs suffered general and special damages in an amount to be proven at trial.

13

14  SIX: FALSE ARREST AND FALSE IMPRISONMENT

15

16  12. Defendants' above-described conduct constitutes false arrest and false imprisonment of

17  plaintiffs. As a direct and proximate result of said false arrest and false imprisonment, plaintiffs

18  suffered general and special damages in an amount to be proven at trial.

19

20  SEVEN: CAL. CIVIL CODE SECTION 51.7

21

22  13. Defendants' afore described conduct, and all of it, denied plaintiffs their rights to be free from

23  violence and intimidation by threat of violence because of their political affiliation or viewpoint

24  in violation of Cal. Civil Code section 51.7.

25

1    EIGHT: CAL. CIVIL CODE SECTION 52.1

2

3    14. Defendants' above-described conduct, and all of it, constitutes interference by threats,

4    intimidation and coercion of rights secured by the Constitution and laws of the United States and

5    by the Constitution and laws of the State of California in violation of Civil Code section 52.1.

6

7    NINE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8

9    15. Defendants' above-described conduct was extreme, unreasonable and outrageous. By

10   engaging in such conduct, defendants intentionally ignored or recklessly disregarded the

11   foreseeable risk that plaintiffs would suffer extreme emotional distress as a result of

12   defendants' conduct. As a proximate result of said conduct, plaintiffs suffered severe emotional

13   distress, pain and suffering, fear, anxiety, embarrassment, discomfort and humiliation, all to their

14   general damage in an amount to be proven, and incurred special damages in an amount to be

15   proven.

16

17   TEN: NEGLIGENCE

18

19   16. Defendants had a duty to properly hire, train, oversee, supervise and discipline police officers

20   and sheriff department employees so as to prevent violations of plaintiffs' constitutional,

21   statutory, and common law rights and to prevent physical injury to plaintiffs, and a duty to use

22   police equipment properly to avoid harm to plaintiffs. By the conduct described above,

23   defendants breached the duty of care owed to plaintiffs and proximately caused them general and

24   special damages in an amount to be proven.

25

SUMMARY OF COMPLAINT – Page 7 of 8

1    **17. PRAYER FOR RELIEF**

2

3    Wherefore, plaintiffs pray for relief as follows:

4

5    A. An award of compensatory and general damages against defendants and each of them, in an

6    amount to be determined according to proof;

7

8    B. An award of exemplary and punitive damages against all defendants sued in their individual

9    capacities in an amount to be proven at trial;

10

11   C. An award of statutory damages and penalties pursuant to Cal. Civil Code §52(b);

12

13   D. An award of plaintiffs' costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C.

14   §1988, Cal. Civil Code §§52(b) and 52.1(h), and Cal. Code of Civil Procedure §1021.5;

15

16   E. A preliminary and permanent injunction prohibiting defendants from again making any

17   baseless declaration of Unlawful Assembly as a pretext for dispersing and suppressing legitimate

18   First Amendment activities by plaintiffs and their associates; and from using

19   plastic handcuff in an improper or unsafe manner when arresting plaintiff protesters as a means

20   of injury, intimidation and summary punishment; and also ordering defendants to seal and

21   destroy all documents and records relating or referring to plaintiffs' arrests and any other

22   reference to plaintiffs in police files based on their arrests on June 18, 2007;

23

24   F. Trial by jury; and such other and further relief as the Court may deem just and proper.

25

RECEIVED

JUN 2 4 2008

AIMS

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

James R. Gillette In Pro Per
507 Redwood Ave
Milpitas Ca.

TELEPHONE NO.: (408) 719-1039     FAX NO.:

ATTORNEY FOR *(Name):*

RECEIVED

JUN 2 4 2008

AIMS

ENDORSED
FILED
ALAMEDA COUNTY

MAY 6 2008

CLERK OF THE SUPERIOR COURT
By Graciela Pacheco, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador St.
MAILING ADDRESS: 24405 Amador St.
CITY AND ZIP CODE: Hayward Ca. 94544
BRANCH NAME: Hayward Hall Of Justice

CASE NAME:
Gillette v. Alameda County et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | HG08385835 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[✓] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [✓] punitive
4. Number of causes of action *(specify):* 10 (See attachment A)
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: MAY 06 2008

JAMES R GILLETTE
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26).
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff
> is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the
complaint, an Alternative Dispute Resolution (ADR) information package that
includes, at a minimum, all of the following:

    (1) General information about the potential advantages and disadvantages
    of ADR and descriptions of the principal ADR processes . . .

    (2) Information about the ADR programs available in that court . . .

    (3) In counties that are participating in the Dispute Resolution Programs
    Act (DRPA), information about the availability of local dispute resolution
    programs funded under the DRPA . . .

    (4) An ADR stipulation form that parties may use to stipulate to the use
    of an ADR process.

(b) Court may make package available on Web site . . .

(c) The plaintiff must serve a copy of the ADR information package on
each defendant along with the complaint. Cross-complainants must serve a
copy of the ADR information package on any new parties to the action
along with the cross-complaint.

**RECEIVED**

JUN 2 4 2008

**AIMS**

Rev 4/05

GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

## Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

## Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

   You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

   If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages** of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/ mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

#### Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

#### Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

#### Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

#### Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

#### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| ☐ Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

Case No.: _____

vs.

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____

JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

1

## **PROOF OF SERVICE**

2       Laura C. M. Dobbins certifies and declares as follows:

3       I am employed in the County of Alameda, State of California.  I am over the age of 18

4   years, and not a party to this action.  My business address is 1939 Harrison Street, Suite 800,

5   Oakland, California, 94612-3527.

6       On July 21, 2008, I served the foregoing document described as  **NOTICE OF**

7   **REMOVAL OF ACTION UNDER 28 U.S.C. Section 1441(b) (Federal Question)** on all

8   interested parties in this action, in the manner set forth below.

9   ☐   **By Facsimile:**  By personally transmitting a true copy of the document(s) via an
    electronic facsimile machine maintained at 510-273-8570, at _____ a.m./p.m., to the
10  numbers listed below.  The transmission was reported as complete and without error.  I
    caused said facsimile machine to print a transmission report, a copy of which is attached
11  to the original of this proof of service.

12  ☐   **By Electronic Mail:**  By personally transmitting a true copy of the document(s) via an
    electronic mail account maintained at the law firm of Haapala, Thompson & Abern,
13  LLP, between the hours of 8:00 a.m. and 5:00 p.m., to the e-mail address listed below.
    The transmission was reported as complete and without error.

14
    ☐   **By Messenger Service:**  By arranging for said document(s) to be picked up by an agent
15  for One Hour Delivery to be delivered on the date set forth below, to the address set
    forth below.
16
    ☒   **By Mail:**  By placing the document(s) listed above in an envelope addressed as set forth
17  below, with postage thereon fully prepaid, in the United States mail at Oakland,
    California.  I am readily familiar with the business practice at my place of business for
18  collection and processing of correspondence for mailing with the United States Postal
    Service.  Correspondence so collected and processed is deposited with the United States
19  Postal Service that same day in the ordinary course of business with postage fully
    prepaid.
20
    ☐   **Overnight Delivery:**  By placing the document(s) in an envelope designated by United
21  Parcel Service ("UPS"), an express service carrier, for delivery by Next Day Service for
    which delivery fees were paid or provided, with said envelope addressed as set forth
22  below.  I deposited the envelope in a box or other facility regularly maintained by UPS,
    or delivered to a courier or driver authorized by said express service carrier to receive
23  documents.

24  James R. Gillette                              Plaintiff In Pro Per
    507 Redwood Avenue
25  Milpitas, CA 95035

26      I declare under penalty of perjury under the laws of the State of California that the above

27  is true and correct.  Executed on July 21, 2008, at Oakland, California.

28                                              _Laura C. M. Dobbins_
                                                Laura C. M. Dobbins

_Gillette v. Alameda County Sheriff's Dept., et al./_Case #
Notice Of Removal Of Action Under 28 U.S.C. Section 1441(b) (Federal Question)

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8570