UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JAMES R. GILLETTE,

        Plaintiff (s),

v.

ALAMEDA COUNTY SHERRIFF'S DEPARTMENT,

        Defendant(s).

No. **C 08-03485 VRW**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Vaughn R. Walker. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

    IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 7/21/2008 | Notice of removal filed | |
| 10/16/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 10/30/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order | FRCivP 26(a) (1) Civil_L.R . 16-9 |

|  |  |  |
|---|---|---|
|  | re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) |  |
| 11/6/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 6, 17th Flr, SF at 3:30 PM | Civil L.R. 16-10 |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No C         VRW

Plaintiff,

**ORDER SETTING CASE MANAGEMENT CONFERENCE**

v

Defendant.

_____/

Pursuant to FRCP 16 and Civil LR 16-2, **IT IS ORDERED** that a Case Management Conference will be called in this case before the undersigned **Thursday**, _____ at **3:30 p.m.** in Courtroom 6, 17th floor, at 450 Golden Gate Avenue, San Francisco, California.

**IT IS FURTHER ORDERED** :

1. Plaintiff is directed to serve, in accordance with the provisions of FRCP 4 and 5, copies of this order at once on all parties to this action, and on any parties subsequently joined. Following service, plaintiff shall file an appropriate certificate of service with the court.

2. Failure to serve the summons, complaint and this order on all parties pursuant to FRCP 4 and 5 shall be presumptive evidence of lack of prosecution and subject the complaint to dismissal under FRCP 41(b). Except in the unusual case, the court expects that by the time of conference, the answer or other responsive pleading shall have already

1  been served and filed. In the event a party files a motion to dismiss pursuant to FRCP 12,
2  the court will vacate the date of the Case Management Conference and will re-set it after
3  ruling on the motion to dismiss. The court discourages the parties from extending time for
4  pleading or seeking extensions of time beyond those provided in the Federal Rules.
5       3. Before appearing at the conference, the parties or their counsel, or both,
6  shall meet and confer about the substance of the action and the most expeditious means of
7  resolving this litigation. To prepare for the conference, the parties shall review and comply
8  in all respects with the requirements of Civil L R 16-9.
9       4. At the initial case management conference, the parties or at least one
10 attorney of record for each party must appear in person. See FRCP 26(f); Civ LR 16-10(a).
11 The case management conference shall be conducted informally and not reported unless
12 one or more parties is not represented by counsel. Failure of any party or counsel therefor
13 to attend, prepare for and participate in good faith in the conference shall be grounds for
14 appropriate sanctions. FRCP 16(f).
15      5. No continuance of the conference will be granted except by order of the
16 court upon application of a party. The application shall be made seven days before the date
17 of the conference and supported by a declaration showing good cause. In no event shall any
18 party request that the conference be scheduled more than 60 days after filing of the answer
19 by any party.
20      6. The parties are directed to comply with Civil L R 37-1(b) for presentation of
21 a disclosure or discovery dispute not resolved by the conference required by Civil L R 37-
22 1(a).
23      **IT IS SO ORDERED.**

VAUGHN R WALKER
UNITED STATES DISTRICT CHIEF JUDGE

Updated: 8/15/2007                                    2

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.