1  Clyde A. Thompson, SBN 72920
   HAAPALA, THOMPSON & ABERN, LLP
2  1939 Harrison Street, Suite 800
   Oakland, California 94612
3  Tel:   510-763-2324
   Fax:   510-273-8570
4

5  Attorneys For Defendants
   COUNTY OF ALAMEDA, DEPUTY CHRISTOPHER
6  MELENDEZ, and DEPUTY MICHAEL LADNER

7

8                     UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| 10 | JAMES R. GILLETTE, | ) | Case No.:  C08-03485 VRW |
|---|---|---|---|
| 11 | Plaintiff, | ) | **DEFENDANTS COUNTY OF ALAMEDA, DEPUTY MELENDEZ, AND DEPUTY LADNER'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP Rule 12(b)(6) & FRCP 12(e))** |
| 12 | vs. | ) | |
| 13 | ALAMEDA COUNTY SHERRIFF'S DEPARTMENT, CALIFORNIA, CHRISTOPHER MELENDEZ, MICHAEL LADNER, ALAMEDA COUNTY, | ) | |
| 14 | | ) | **Date:** September 4, 2008 |
| 15 | | ) | **Time:** 2:30 p.m. |
| 16 | Defendants. | ) | **Courtroom:** 6, 17th Floor |

17       PLEASE TAKE NOTICE THAT on **September 4, 2008,** at **2:30 p.m.**, in Courtroom 6,

18  17th Floor, of the United States District Court, 450 Golden Gate Avenue, San Francisco,

19  California, 94102, Defendants COUNTY OF ALAMEDA [erroneously sued herein as

20  ALAMEDA COUNTY SHERIFF'S DEPARTMENT], DEPUTY CHRISTOPHER

21  MELENDEZ, DEPUTY MICHAEL LADNER  ("the County Defendants") will and hereby do

22  move the Court for an order granting dismissal of the Complaint pursuant to Federal Rule of

23  Civil Procedure 12(b)(6), or alternatively, requiring a more definite statement pursuant to

24  FRCP 12(e).

25       This motion is made on the grounds that Plaintiff's Complaint lacks any factual

26  allegations to support a claim for violations of numerous enumerated civil rights

27  pursuant to 42 U.S.C. § 1985 against the County Defendants; is insufficient to state a

28  claim for relief against the County Defendants under 42 U.S.C. Section 1983; is vague and

1

*Gillette v. Alameda County Sheriff's Dept., et al./*Case #C08-03485 VRW
Defendants County Of Alameda, Deputy Melendez, And Deputy Ladner's Notice Of Motion
And Motion To Dismiss (FRCP Rule 12(b)(6) & FRCP 12(e))

1  ambiguous; and for all the reasons set forth in the Memorandum of Points and Authorities
2  accompanying the motion.
3     Said Motion will be based on this Notice, the Memorandum of Points and Authorities,
4  the allegations of Plaintiff's Complaint, the papers and records on file herein, and on such oral
5  and documentary evidence as may be presented at the hearing of the motion.
6  Dated: July 24, 2008

                      HAAPALA, THOMPSON & ABERN, LLP

                      By: /s/ Clyde A. Thompson
                          Clyde A. Thompson
                          Attorneys For Defendants
                          COUNTY OF ALAMEDA,
                          DEPUTY CHRISTOPHER MELENDEZ and
                          DEPUTY MICHAEL LADNER

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

2
*Gillette v. Alameda County Sheriff's Dept., et al./*Case #C08-03485 VRW
Defendants County Of Alameda, Deputy Melendez, And Deputy Ladner's Notice Of Motion
And Motion To Dismiss (FRCP Rule 12(b)(6) & FRCP 12(e))

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants DEPUTY MELENDEZ, DEPUTY LADNER, and COUNTY OF ALAMEDA ("the County Defendants"), by and through counsel undersigned, move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), or alternatively, for a more definite statement pursuant to FRCP 12(e).

## **I. PLAINTIFF'S COMPLAINT**

On June 20, 2008, Plaintiff JAMES GILLETTE ("Plaintiff") filed a Complaint asserting both federal and state civil rights claims.

Plaintiff alleges causes of action from an event "On June" and the action arises under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff claims defendants are liable pursuant to 42 U.S.C. § 1983 and under California Civil Code § 52(b).

The Complaint also alleges that defendants have common law liability for intentional and/or negligent infliction of emotional distress, negligence, negligent supervision, gross negligence, assault, battery, excessive force, false imprisonment, false arrest and civil conspiracy.

The plaintiff claims the individual Defendants were acting in the scope of their employment, under color of state law and made an unlawful stop of plaintiff that resulted in his unreasonable search and use of excessive force.

The Complaint alleges the County of Alameda failed to properly train and supervise the individual defendants. (Complaint ¶ 1, page 2)

The Complaint asserts the Court has jurisdiction (Complaint ¶ 2, page 3) and venue is proper (Complaint ¶ 2, page 3)

The Complaint contains a section labeled "Civil Rights Claims" and in ¶ 4 (page 3-4) sets forth a "Table of Contents" that enumerates ten causes of action.

The Complaint then states "Claims for Relief" (page 4) that in ¶ 7 states: "Defendants' above described conduct, and particularly the acts and omissions of the conspirators, and of the command, supervisory and rank-and-file defendants in ordaining, directing and carrying out the

3

*Gillette v. Alameda County Sheriff's Dept., et al./*Case #C08-03485 VRW
Defendants County Of Alameda, Deputy Melendez, And Deputy Ladner's Notice Of Motion
And Motion To Dismiss (FRCP Rule 12(b)(6) & FRCP 12(e))

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

arrests and custodial maltreatment of the plaintiffs, violated plaintiffs' right to freedom of speech, assembly and association under the First and Fourteenth Amendments to the United States Constitution."

The Complaint's subsequent paragraphs 8 through 15, all base a claim on "Defendants' above-described conduct" as it relates to carrying out the arrests and custodial maltreatment of the plaintiffs.

## II. ARGUMENT

A. <u>Plaintiff's Complaint Does Allege Any Facts or Conduct by Defendants.</u>

Without regard to time (other than "June"), place, or behavior, Plaintiff's Complaint does not set forth any facts that describe actionable conduct by the defendants toward Plaintiff. At best, the Complaint lists or enumerates legal conclusions and theories.

B. <u>Plaintiff's Complaint Should Be Dismissed Because It Lacks Sufficient Factual Allegations To Support A Claim For Conspiracy To Violate Civil Rights Pursuant To 42 U.S.C § 1985 Against The County Defendants.</u>

"To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." See Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). In other words, the plaintiff may not rely on conclusory allegations to plead the existence of a conspiracy among the defendants; the Plaintiff is required to allege specific facts supporting the existence of an agreement between the defendants to deprive the plaintiff of his or her civil rights. Id. See also Olsen v. Idaho State Bd. of Medicine 363 F.3d 916, 929 (9th Cir. 2004).

The Complaint in the present action does not allege any facts supporting the existence of an agreement between the Defendants to deprive Plaintiff of his civil rights. Plaintiff's allegations in this regard are entirely conclusory. As such, the Complaint does not state a claim for conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985, and is subject to dismissal. Id.

C. <u>Plaintiff's Minimal And Conclusory Allegations Are Insufficient To State A Claim For Relief Against The County Defendants Under 42 U.S.C. Section 1983.</u>

In order to state a claim for a violation of constitutional rights under Section 1983, the

4

*Gillette v. Alameda County Sheriff's Dept., et al./*Case #C08-03485 VRW
Defendants County Of Alameda, Deputy Melendez, And Deputy Ladner's Notice Of Motion
And Motion To Dismiss (FRCP Rule 12(b)(6) & FRCP 12(e))

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

plaintiff's complaint must contain more than "minimal and conclusory allegations." See Dumas v. Kipp, 90 F.3d 386, 392-93 (9th Cir. 1996) (dismissing Section 1983 claim alleging deprivation of free speech rights and retaliatory discharge for failure to allege sufficient facts to support the claims).  A plaintiff must allege the facts of his claim with enough specificity to demonstrate that he has a legal claim for relief, and to place the defendants on notice of that claim. Id. See also Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097 (9th Cir. 2008) ("the plaintiff must 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'") (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  While very detailed factual allegations are not required, the alleged facts must be specific enough "to raise a right to relief above the speculative level." Bell, at 127 S.Ct. 1965.

The Complaint does not allege sufficient facts to establish a claim under 42 U.S.C. § 1983 against the County Defendants. Plaintiff's list of claims asserted against defendants, is almost entirely conclusory. There are no factual allegations setting forth how the County Defendants were involved in Plaintiff's alleged unlawful stop, unreasonable search or excessive force. There are no factual allegations setting forth where Plaintiff was incarcerated, or how the County Defendants were involved in subjecting Plaintiff to custodial maltreatment. Without these very basic allegations, the Complaint does not state a claim for relief under 42 U.S.C. § 1983.

The Complaint is also deficient because it lacks allegations establishing municipal liability on the part of the County of Alameda. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018 (1978) See Jeffers v. Gomez, 267 F.3d 895 (9th Cir. 2001).

Finally, there are no allegations establishing that Plaintiff complied with presenting a California Government Tort Claim required by Government Code § 901 and 911.2(a) et. seq., and therefore all of plaintiff's state tort claims are barred.

### III. CONCLUSION

In sum, Plaintiff's Complaint as currently pled is wholly inadequate to place the County

5

*Gillette v. Alameda County Sheriff's Dept., et al.*/Case #C08-03485 VRW
Defendants County Of Alameda, Deputy Melendez, And Deputy Ladner's Notice Of Motion
And Motion To Dismiss (FRCP Rule 12(b)(6) & FRCP 12(e))

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

Defendants on notice of the factual and legal basis underlying Plaintiff's claim for relief. As such, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, Plaintiff should be ordered to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), as his claim is so vague and ambiguous as currently pled that the County Defendants cannot reasonably prepare a response.

Dated:  July 24, 2008

                HAAPALA, THOMPSON & ABERN, LLP

By:   /s/ Clyde A. Thompson
      Clyde A. Thompson
      Attorneys For Defendants
      COUNTY OF ALAMEDA,
      DEPUTY CHRISTOPHER MELENDEZ and
      DEPUTY MICHAEL LADNER

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8570

6

*Gillette v. Alameda County Sheriff's Dept., et al./*Case #C08-03485 VRW
Defendants County Of Alameda, Deputy Melendez, And Deputy Ladner's Notice Of Motion
And Motion To Dismiss (FRCP Rule 12(b)(6) & FRCP 12(e))

**PROOF OF SERVICE**

Laura C. M. Dobbins certifies and declares as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years, and not a party to this action. My business address is 1939 Harrison Street, Suite 800, Oakland, California, 94612-3527.

On July 24, 2008, I served the foregoing document described as **DEFENDANTS COUNTY OF ALAMEDA, DEPUTY MELENDEZ, AND DEPUTY LADNER'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP Rule 12(b)(6) & FRCP 12(e))** on all interested parties in this action, in the manner set forth below.

☐ **By Facsimile:** By personally transmitting a true copy of the document(s) via an electronic facsimile machine maintained at 510-273-8570, at _____ a.m./p.m., to the numbers listed below. The transmission was reported as complete and without error. I caused said facsimile machine to print a transmission report, a copy of which is attached to the original of this proof of service.

☐ **By Electronic Mail:** By personally transmitting a true copy of the document(s) via an electronic mail account maintained at the law firm of Haapala, Thompson & Abern, LLP, between the hours of 8:00 a.m. and 5:00 p.m., to the e-mail address listed below. The transmission was reported as complete and without error.

☐ **By Messenger Service:** By arranging for said document(s) to be picked up by an agent for One Hour Delivery to be delivered on the date set forth below, to the address set forth below.

☒ **By Mail:** By placing the document(s) listed above in an envelope addressed as set forth below, with postage thereon fully prepaid, in the United States mail at Oakland, California. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business with postage fully prepaid.

☐ **Overnight Delivery:** By placing the document(s) in an envelope designated by United Parcel Service ("UPS"), an express service carrier, for delivery by Next Day Service for which delivery fees were paid or provided, with said envelope addressed as set forth below. I deposited the envelope in a box or other facility regularly maintained by UPS, or delivered to a courier or driver authorized by said express service carrier to receive documents.

James R. Gillette
507 Redwood Avenue
Milpitas, CA 95035

/

/

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

Proof Of Service/Pg. 1

*Gillette v. Alameda County Sheriff's Dept., et al./*Case #C08-03485 VRW
Defendants County Of Alameda, Deputy Melendez, And Deputy Ladner's Notice Of Motion
And Motion To Dismiss (FRCP Rule 12(b)(6) & FRCP 12(e))

1    I declare under penalty of perjury under the laws of the State of California that the above
2    is true and correct. Executed on July 24, 2008, at Oakland, California.

*Laura C M Dobbins*
Laura C. M. Dobbins

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

Proof Of Service/Pg. 2

*Gillette v. Alameda County Sheriff's Dept., et al./*Case #C08-03485 VRW
Defendants County Of Alameda, Deputy Melendez, And Deputy Ladner's Notice Of Motion
And Motion To Dismiss (FRCP Rule 12(b)(6) & FRCP 12(e))